IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| PATRICIA CHOALS,<br><br>          Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner, Social Security<br>Administration<br><br>          Defendants. | *<br>*<br>*<br>*<br>*<br>*          No. 3:15CV00231-JJV<br>*<br>*<br>*<br>*<br>* |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Patricia Choals, appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits under Title II of the Social Security Act.

On January 28, 2016, I held oral argument at Plaintiff's request. Greg Wallace, Esq., appeared by telephone for Ms. Choals. Special Assistant United States Attorney Mark Kingsolver appeared by telephone for the Commissioner. The attorneys are commended for their diligence and zealous representation of their respective clients in this matter. For reasons set out below, the decision of the Commissioner is REVERSED and REMANDED.

**I.     BACKGROUND**

On August 1, 2012, Ms. Choals protectively filed for benefits due to a dropped bladder, shoulder condition, lower back pain, neck pain by bone spurs, and migraines. (Tr. 201) Ms. Choals's claims were denied initially and upon reconsideration. At her request, an Administrative Law Judge ("ALJ") held a hearing on December 3, 2013, where Ms. Choals appeared with her lawyer. At the hearing, the ALJ heard testimony from Ms. Choals and a vocational expert ("VE"). (Tr. 98-111)

1

The ALJ issued a decision on June 16, 2014, finding Ms. Choals was not disabled under the Act. (Tr. 69-80) The Appeals Council received additional evidence and denied Ms. Choals's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-4)

Ms. Choals, who was sixty years old at the time of the hearing, has a high school education and past relevant work as a meter reader and animal control officer.

## II.    DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found Ms. Choals had not engaged in substantial gainful activity since July 27, 2012, and she had a combination of "severe" impairments. (Tr. 71) However, the ALJ found Ms. Choals did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 72)

According to the ALJ, Ms. Choals has the residual functional capacity ("RFC") to perform light work but she is limited to no overhead reaching. (*Id.*) The VE testified Ms. Choals could perform her past relevant work as a meter reader. (Tr. 109-110) Accordingly, the ALJ determined Ms. Choals could perform her past work, and concluded she was not disabled.

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

### III.   ANALYSIS

####   A.   Standard of Review

In reviewing the Commissioner's decision, courts must determine whether there is substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, a court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

####   B.   Ms. Choals's Arguments for Reversal

Ms. Choals asserts the Commissioner's decision should be reversed because it is not supported by substantial evidence.  Specifically, she contends the ALJ (1) failed to resolve the conflict between the Dictionary of Occupational Titles and the VE testimony; (2) failed to develop the record; (3) did not give adequate consideration and weight to her treating doctors; and (4) erred in his credibility analysis.  (Doc. No. 11)

#####       1.   Failure to Resolve Conflict

Ms. Choals's case is similar to the Eighth Circuit Court of Appeals decisions that have found error with the ALJ not resolving the conflict between the VE testimony and the job as it is described in the Dictionary of Occupational Titles.  *See Moore v. Colvin*, 769 F.3d 987 (8th Cir. 2014); *Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014.)

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

Here, the ALJ concluded Plaintiff's RFC allowed her to perform light work without any overhead reaching. (Tr. 15, 42) Based on this conclusion, the ALJ determined Ms. Choals could perform her past work as a meter reader. Yet, the job of meter reader is described as requiring frequent reaching. (*See* Dictionary of Occupational Titles #209.567-010 and Selected Characteristics of Occupations Defined (SCO).) This creates a reversible conflict between Plaintiff's RFC and the job the ALJ identified Plaintiff could perform.

The Commissioner argues Choals's case is distinguishable from *Kemp* and *Moore* because this case was resolved at Step 4 of the evaluation. The Commissioner makes a good argument because the *Kemp* decision says "the Commissioner did not meet her burden, at step five of the sequential evaluation process, of establishing that jobs existed in the economy that Charles was capable of performing." *Kemp*, 743 F.3d at 633. However, I specifically find that the ALJ's decision was not based on substantial evidence. The ALJ's decision is based on the VE's testimony being "in agreement with the Dictionary of Occupational Titles." It is not. And I cannot agree with the Commissioner's argument that the conflict was resolved by Ms. Choals's testimony about how she performed the job specifically. (Tr. 103-104) I find her testimony leaves open many questions about whether or not reaching would impact her ability to be employed as a meter reader. *Id.*

As discussed at oral argument, the conflict could have been resolved with some discussion about the restriction from overhead reaching. There was none. And while I am somewhat persuaded by the Commissioner's argument that it was Ms. Choals's burden and she and her counsel remained silent on this issue at the hearing, I am nevertheless unable to overlook the obvious conflict that remains on this present record.

The evidence relied upon by the ALJ when concluding Plaintiff could perform her past relevant work was the vocational expert testimony and the Dictionary of Occupational Titles. (Tr.

4

79) And regardless of whether the case was resolved at Step 4 or 5, I believe *Moore* and *Kemp* ultimately turn on whether or not the ALJ's decisions is supported by *substantial evidence*. *Kemp*, 743 F.3d at 632. Here, the ALJ's decision is not supported by substantial evidence because the ALJ's evidence is faulty. The evidence fails to resolve the conflict between Plaintiff's inability to reach overhead and how this limitation would affect the ability to perform the job of meter reader – as generally performed.[6]

      2.    Other Arguments

On remand, the ALJ should address these concerns raised by Ms. Choals, especially the deference she has earned through a strong work history.

**IV.    CONCLUSION**

A reasonable mind would not accept the evidence as adequate to support the ALJ's decision because the decision does not resolve the conflict between Plaintiff's residual functional capacity and requirements of her past work as a meter reader. Therefore, the Court REVERSES the decision and REMANDS the case to the Commissioner for resolution of this conflict in accordance with the Eighth Circuit decisions in *Moore* and *Kemp*.

This is a "Sentence Four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 2nd day of February, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[6] This opinion is consistent with my previous decision in *Martin v. Social Security Administration*, 3:14-cv-00123-JJV (October 28, 2014).